## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DR. GRAHAM SHEA, DDS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:18-CV-00830-SH** |
| | § | |
| **MANAGEMENT AND TRAINING** | § | |
| **CORPORATION,** | § | |
| *Defendant* | § | |

## ORDER

The Court held a final pretrial conference on August 26, 2021. Having considered the parties'

submissions, the record, and the applicable law, the Court enters this Order as to Defendant's

Objections to Plaintiff's Exhibits, filed August 24, 2021 (Dkt. 60), and the objections raised by the

parties during the final pretrial conference.

 **IT IS HEREBY ORDERED** that Defendant Management and Training Corporation's

("MTC") Objection to Plaintiff's Exhibits P-63, P-64, P-65, and P-66 (Dkt. 60 at 1) seeking to

exclude evidence regarding comparator employees on the basis that they are not similarly situated

to Plaintiff and do not offer nearly identical circumstances is **SUSTAINED**.

To show that his employer's stated reason for an adverse employment action was merely

pretext for retaliation, a plaintiff may offer comparator evidence that he received less favorable

treatment than similarly situated employees. *Stuntz v. Lion Elastomers, L.L.C.*, 826 F. App'x 391,

404 (5th Cir. 2020). In the Fifth Circuit, an employee who proffers a fellow employee as a

comparator must demonstrate that the employment actions at issue were taken under "nearly

identical circumstances." *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019). "The employment

actions being compared will be deemed to have been taken under nearly identical circumstances

when the employees being compared held the same job or responsibilities, shared the same

1

supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Harville v. City of Houston*, 945 F.3d 870, 875 (5th Cir. 2019).

The Court finds that proffered comparators Daniel Purswell, Clifford Katz, and David Hain are not similarly situated to Plaintiff because Plaintiff was a probationary employee, but all of the proffered comparators were permanent MTC employees. Exhs. P-63 through P-66. Probationary employees and permanent employees are not similarly situated due to the different nature of their employment. *Thomas v. Johnson*, 788 F.3d 177, 180 (5th Cir. 2015).

**IT IS HEREBY ORDERED** that Defendant's Objection to Plaintiff's Exhibits P-39, P-41, P-42, P-48 and evidence Plaintiff may offer (DOL 1-467, Dkt. 60 at 1), seeking to exclude as hearsay the OIG-DOL investigatory file other than documents Bates labeled SHEA 60-129, is **DISMISSED AS MOOT**. Plaintiff has withdrawn Exhibits P-39, P-41, P-42, and P-48,[1] and the parties have agreed to confer regarding a joint submission of admissible portions of the investigatory file (DOL 1-467).

By agreement of the parties, Plaintiff's Exhibit P-12 is amended to include only MTC 29-44. Defendant's Objection to Plaintiff's Exhibit P-12 (Dkt. 60 at 2) seeking to exclude other pages of the exhibit (MTC 45-49) is **DISMISSED AS MOOT**.

By agreement of the parties, Plaintiff's Exhibit P-27 is amended include only MTC 45-46. Defendant's Objection to Plaintiff's Exhibit P-27 (Dkt. 60 at 2-3) regarding certain pages of the MTC OIG Investigatory Response (MTC 45-47) is **DISMISSED AS MOOT**.

---

[1] Defendant also objected to Exhibits P-3, P-35, P-39, P-41, P-42, P-48, P-55, P-56, P-57, P-61, P-62, and P-68. Because Plaintiff subsequently withdrew all of those exhibits, Defendant's Objections are **DISMISSED AS MOOT**.

**IT IS HEREBY ORDERED** that Plaintiff's Oral Objection to Defendant's Exhibits D-65, D-66, and D-67 seeking to exclude Plaintiff's previous employment records as irrelevant is **OVERRULED**.

**IT IS HEREBY ORDERED** that Plaintiff's Oral Objection to Defendant's Exhibits D-55, D-59, D-60, D-97, D-98, and D-101 through D-105, seeking to exclude as hearsay certain Facebook posts made by Plaintiff or his spouse, is provisionally overruled. Plaintiff's statements are excluded from hearsay under Fed. R. Evid. 801(d)(2)(A). The Court will determine at trial the admissibility of any Facebook post by Plaintiff's spouse to which Plaintiff objects.

**IT IS HEREBY ORDERED** that Defendant's Oral Objections to Plaintiff's Exhibits P-17 and P-44 regarding the introduction of Plaintiff's Proposal to MTC, which is part of the OIG investigatory record, and his previous complaints are **OVERRULED**.

**IT IS FURTHER ORDERED** that the parties confer to discuss and, if possible, resolve any remaining objections they may have that were not resolved at the August 26, 2021 conference.

In this bench trial, admission of exhibits does not indicate that the Court will rely on these exhibits in ultimately reaching a decision in this case.

**SIGNED** on August 26, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE